No. 2--05--0201                                         filed: 5/26/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 04--CM--3506 |
| ROBERT BARWICKI, | ) ) | Honorable James C. Hallock, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Robert Barwicki, was charged by complaint with violating an order of protection (720 ILCS 5/12--30 (West 2004)). The trial court granted defendant's motion to dismiss the complaint. The State timely appealed. We affirm. On May 19, 2004, Katarzyna Barwicki obtained an emergency order of protection in Du Page County against defendant, her husband. On May 24, 2004, defendant petitioned for an order of protection against Katarzyna in Kane County. The trial court found no emergency and continued the matter to June 8, 2004, for a hearing on a plenary order of protection.

On June 2, 2004, Katarzyna petitioned for dissolution of marriage in Kane County. On that same day, the Du Page County circuit court extended Katarzyna's emergency order of protection to June 11, 2004, and transferred the proceedings to the Kane County circuit court.

On June 8, 2004, defendant and Katarzyna appeared before the trial court. By agreement of the parties, defendant's pending petition for an order of protection was consolidated into the dissolution of marriage proceedings. Later that day, defendant allegedly twice drove by Katarzyna's residence, while she was present. As a result, the State filed a complaint against defendant for violation of Katarzyna's emergency order of protection (720 ILCS 5/12--30 (West 2004)).

On June 11, 2004, the trial court ordered that Katarzyna's pending petition for an order of protection be consolidated with the dissolution of marriage proceedings. The trial court extended Katarzyna's emergency order of protection and continued the matter to June 29, 2004, for a hearing on the parties' petitions for orders of protection.

On June 29, 2004, the trial court extended Katarzyna's emergency order of protection and continued the matter to July 20, 2004, for a hearing on the parties' petitions for orders of protection.

On July 20, 2004, the trial court voluntarily dismissed Katarzyna's petition for dissolution of marriage, without prejudice. The order indicated that "the parties agree to dismiss all pending actions against each other, due to reconciliation of the parties." The trial court further ordered that the petitions for orders of protection and the emergency order of protection, which had been consolidated into the dissolution proceedings, be "vacated nunc pro tunc, to the date of the entry of said orders of protection and[/]or petitions for order of protection with prejudice to right of reinstatement." (Emphasis in original.)

The trial on the charge against defendant for violation of the order of protection was scheduled to commence on February 2, 2005. On that day, defendant moved to dismiss the criminal complaint. Defendant asked the trial court to take judicial notice of the July 20, 2004, order that dismissed the petition for dissolution of marriage and vacated the order of protection. After doing so, the trial court held that because the emergency order of protection, upon which the complaint

was based, had been vacated <u>nunc pro tunc</u> to its date of entry, the motion to dismiss was proper. The court granted defendant's motion and dismissed the case. The State timely appealed.

Initially, we note that defendant has not filed an appellee's brief. Nevertheless, since the record is simple and the issue is clear, we will address the merits of the case. <u>First Capitol Mortgage Corp. v. Talandis Construction Corp.</u>, 63 Ill. 2d 128 (1976).

The crux of the State's argument is that the trial judge who presided over the dissolution proceedings improperly applied the doctrine of <u>nunc pro tunc</u> when he dismissed Katarzyna's petition for dissolution of marriage and vacated the emergency order of protection. According to the State, because the trial judge improperly applied the doctrine of <u>nunc pro tunc</u>, the July 20, 2004, order was invalid and, therefore, the present trial court's reliance on that order during the criminal proceedings as a basis to dismiss the criminal complaint constitutes reversible error. We review this issue <u>de novo</u>. See <u>People v. Terry</u>, 342 Ill. App. 3d 863, 867-68 (2003).

The State advances a potentially viable argument that the trial judge in the dissolution proceedings misapplied the doctrine of <u>nunc pro tunc</u>. See, <u>e.g.</u>, <u>People v. Wilmot</u>, 254 Ill. 554, 557-58 (1912) (<u>**nunc pro tunc**</u> **orders make a record now of an order which the court had made at a previous time but which had not then been recorded. The court has no authority, by the entry of an order <u>nunc pro tunc</u>, to make the record show an order which the court had not previously actually made** . **M**oreover, bec**a**use the domestic violence and divorce contexts are often plagued by issues of control, vulnerability, and manipulation, a trial judge should proceed cautiously before entering the type of <u>nunc pro tunc</u> order entered here. However, the propriety of the July 20, 2004, order and the underlying dissolution proceedings are not before this court. The July 20, 2004, order vacated Katarzyna's emergency order of protection <u>nunc pro tunc</u> to the date of filing, was never appealed from, and stands as a final order. "Vacate" means "[t]o annul; to set aside; to cancel or rescind. To render an act void; as, to

vacate an entry of record, or a judgment." Black's Law Dictionary 1548 (6th ed. 1990). "Nunc pro tunc" means "[n]ow for then. A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect ***." Black's Law Dictionary 1069 (6th ed. 1990). Because the trial judge who presided over the dissolution proceedings vacated the emergency order of protection retroactively, the emergency order of protection cannot form the basis for the criminal complaint.

We reject the State's argument that People v. Krstic, 292 Ill. App. 3d 720 (1997), and People v. Wouk, 317 Ill. App. 3d 33 (2000), support its right to prosecute this case. In Krstic, the State charged the defendant with domestic battery and violation of an order of protection. The charges were based on the same events that supported a pro se petition for an order of protection brought against the defendant within the context of a separate ongoing divorce proceeding. The domestic relations judge made a finding of "no abuse" with respect to the petition for an order of protection. Based on that finding, the defendant moved to dismiss the criminal charges under the doctrine of collateral estoppel. The trial court granted the motion and the State appealed. On appeal, the court reversed the dismissal, holding that "[b]ecause the State was not involved in the initial petition for an order of protection, the State cannot be estopped from pursuing criminal prosecution based on the same facts." Krstic, 292 Ill. App. 3d at 724.

The State contends that based on Krstic, the trial court here had no reason to bar the State's prosecution of the charge. We disagree. Here, the trial court did not hold that the State was estopped from prosecuting defendant, and the fact that the State was not a party to the dissolution proceedings was irrelevant to the trial court's ruling. Unlike in Krstic, here the dismissal of the complaint was based on the vacation of the order of protection. Without a valid order of protection, there can be no prosecution for violation thereof.

In <u>Wouk</u>, the State charged the defendant with domestic battery. <u>Wouk</u>, 317 Ill. App. 3d at 35. Before trial, the State petitioned for an order of protection for the defendant's wife. After a hearing, the judge denied the petition. Thereafter, the defendant moved to dismiss the domestic battery charges, arguing that the hearing judge's denial of the petition collaterally estopped the State from prosecuting the defendant. The trial court denied the motion and, after a trial, the defendant was found guilty of domestic battery. On appeal, the court rejected the defendant's collateral estoppel argument. The court noted that even though the State was a party to both proceedings, and even though the factual issues were identical in both proceedings, "[t]o find estoppel, it must be 'clear that no unfairness will result' to the State." <u>Wouk</u>, 317 Ill. App. 3d at 40, quoting <u>American Family Mutual Insurance Co. v. Savickas</u>, 193 Ill. 2d 378, 388 (2000). Because it was unclear whether unfairness would result, the court declined to give preclusive effect to the hearing judge's finding on the petition for an order of protection. The court also cited public policy reasons for its decision. The court noted that the purpose of order of protection proceedings is the immediate protection of family or household members, not the guilt of the accused or the more general protection of society. Thus, according to the court, " 'public policy demands subsequent criminal prosecution.' " <u>Wouk</u>, 317 Ill. App. 3d at 40, quoting <u>People v. Jones</u>, 301 Ill. App. 3d 608, 611 (1998).

Here, the State contends that the policy reasons espoused in <u>Wouk</u>, specifically the pursuit of justice through separate criminal proceedings, support reinstatement of the complaint. However, <u>Wouk</u> is distinguishable because it dealt with the effect that a factual finding, made in a separate proceeding, had on a subsequent criminal prosecution based on the same finding. Here, as already noted, the trial court's dismissal of the complaint was not based on factual findings made in the divorce proceeding; rather, the dismissal of the complaint was based on the fact that the order of

protection had been vacated <u>nunc pro tunc</u>.  And again, without a valid order of protection, there can be no prosecution for violation thereof.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER, P.J., and  McLAREN, J., concur.