# Illinois Official Reports

## Appellate Court

---

### *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789

---

| | |
|---|---|
| Appellate Court Caption | LARRY ORUTA, Plaintiff-Appellant, v. BIOMAT USA, INC., and HARTFORD INSURANCE c/o Sedgwick, CM, Defendants (Biomat USA, Inc., Defendant-Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2789 |
| Filed | June 16, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2010-L-4355; the Hon. James P. Flannery, Jr., Judge, presiding. |
| Judgment | Appeal dismissed; order to show cause entered. |
| Counsel on Appeal | Larry Oruta, of South Bend, Indiana, appellant *pro se*.<br><br>Matthew F. Singer, of Barack Ferrazzano Kirschbaum & Nagelberg LLP, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justice Reyes concurred in the judgment and opinion.<br>Justice Lampkin specially concurred, with opinion. |

**OPINION**

¶ 1      On January 14, 2013, the trial court dismissed defendant Biomat USA, Inc., with prejudice from the underlying case. Two and a half years later, on September 22, 2015, plaintiff Larry Oruta filed a motion with the trial court seeking to file a "service of summons *** against Biomat USA previously returned." On September 29, 2015, the trial court denied plaintiff's motion, stating that: "Biomat USA, Inc. was dismissed with prejudice by Court order on January 14, 2013."

¶ 2      On September 29, 2015, the same day that the trial court denied plaintiff's motion, plaintiff filed a notice of appeal. On May 20, 2016, plaintiff filed an "amended" notice.

¶ 3      For the following reasons, this instant appeal is dismissed for lack of jurisdiction.

¶ 4      First, plaintiff's notices of appeal and his brief to this court all state that "final judgment" was granted on January 23, 2012. To the extent that these statements are true, this court lacks jurisdiction. A notice of appeal with respect to this final judgment had to be filed within 30 days after it was entered—not years later. Illinois Supreme Court Rule 303 provides for the 30-day requirement, and the rule states in relevant part: "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***." Ill. S. Ct. R. 303(a) (eff. Jan. 1, 2015).

¶ 5      When an appellant fails to file a timely notice of appeal, this court lacks jurisdiction to hear the appeal. Illinois Supreme Court Rule 301 states, in relevant part: "The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." Ill. S. Ct. R. 301 (eff. Feb.1, 1994). Thus the timely filing of the notice of appeal is the only jurisdictional step required to perfect the appeal. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009) ("The timely filing of a notice of appeal is the only jurisdictional step required to initiate appellate review."). Without it, this court lacks jurisdiction and the appeal must be dismissed. *Lewis*, 234 Ill. 2d at 37 ("A reviewing court lacks jurisdiction and is obliged to dismiss an appeal if there is no properly filed notice of appeal.").

¶ 6      Second, to the extent that defendant seeks to appeal the January 14, 2013, dismissal order, we also lack jurisdiction. The trial court's dismissal order, dated January 14, 2013, stated in full:

> "This matter coming before the Court on Biomat USA Inc.'s 735 ILCS 5/2-619 Motion to Dismiss and Quash Service ("Motion"), all parties having notice, Plaintiff Larry Oruta having failed to appear and the Court being duly advised, IT IS HEREBY ORDERED:
>
> (1) Biomat USA, Inc.'s Motion is granted; and
>
> (2) This matter is dismissed with prejudice as to Biomat USA, Inc."

The "Jurisdiction Statement" in plaintiff's brief does not suggest a basis for appellate jurisdiction over the January 14, 2013, order or any other order. It states: "This appeal was filed to reinstate citation proceedings against Hartford Ins. c\o Sedgwick CMS who were served but filed [*sic*] to appear on 9-29-15 but trial court wrongfully denied motion in open court on grounds of jurisdiction citing ex-parte proceedings yet, the new judge *** had jurisdiction to rule upon reinstatement of citations." Plaintiff does not cite a statutory section or rule which provides appellate jurisdiction for "reinstatement of citations."

¶ 7    Third, the trial court's September 29, 2015, order, which merely observed that this defendant was dismissed years ago, was not an appealable order. Both of plaintiff's notices of appeal state that it is the court's September 29, 2015, order that he is appealing. The September 29, 2015, order stated in full:

> "This matter coming before the Court on Larry Oruta's Motion filed on 9/22/2015, the Court being fully advised, IT IS HEREBY ORDERED:
>
> (1) The motion is denied. Biomat USA, Inc. was dismissed with prejudice by Court order on January 14, 2013."

¶ 8    We cannot discern a rule under which the above order is appealable. It is not a final judgment; the final judgment was entered in 2012 according to plaintiff. It is not one of the types of appeals listed in Illinois Supreme Court Rule 307 (Ill. S. Ct. R. 307 (eff. Nov. 1, 2016)) as an interlocutory appeal as of right, and since plaintiff did not petition this court for leave to appeal, it cannot be an interlocutory appeal by permission pursuant to Illinois Supreme Court Rule 306 (Ill. S. Ct. R. 306(a) (eff. Mar. 8, 2016) ("A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court ***."")).

¶ 9    The September 29, 2015, order was simply an observation by the trial court that any litigation with respect to this defendant had terminated years ago. The entry of such an observation does not cause an abandoned appeal right to spring back to life.

¶ 10    Defendant's sole argument in its appellate brief is that this court lacks jurisdiction, and we must agree. For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

¶ 11    In addition, Illinois Supreme Court Rule 375(b) permits this court to enter sanctions against a party if an appeal is "frivolous" or "not taken in good faith" or "for an improper purpose, such as to harass to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "A reviewing court applies an objective standard to determine whether an appeal is frivolous; 'the appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87 (quoting *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990)). "Sanctions may be awarded against *pro se* litigants under sufficiently egregious circumstances." *Parkway*, 2013 IL App (1st) 130380, ¶ 87. "The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." *Parkway*, 2013 IL App (1st) 130380, ¶ 87.

¶ 12    We find that the appeals filed by this *pro se* litigant present the type of "sufficiently egregious circumstances" that warrant sanctions. The appellant in this case has filed multiple appeals in this court that are frivolous or not taken in good faith. For example, just last year, in *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 1, we observed: "This court has dismissed three prior appeals by plaintiff in this same case for lack of jurisdiction. *Oruta v. B.E.W.*, 2014 IL App (1st) 133941-U (Dec. 5, 2014) (*Oruta I*); *Oruta v. Bobby E. Wright Comprehensive Behavioral Health Center, Inc.*, 2014 IL App (1st) 131690-U (Aug. 1, 2014) (*Oruta II*); *Oruta v. B.E.W.*, 2013 IL App (1st) 123541-U (Dec. 20, 2013) (*Oruta III*)." In that same case, we observed in a footnote: "We also dismissed at least two other appeals by plaintiff for want of prosecution. *Oruta v. Continental Air Transport*, No. 1-14-0404 (Nov. 24, 2014) (for failure to file a brief), *appeal denied*, No. 118911 (Ill. Sept. 30, 2015); *Oruta v. Continental Air Transport*, No. 1-14-3224 (Apr. 2, 2015) (for failure to file the record)." *Oruta*, 2016 IL App (1st) 152735, ¶ 1 n.3.

¶ 13 In a subsequent footnote in that same opinion, we further observed: "Plaintiff has filed not only numerous appeals in this case in the last few years, but also appeals in other unrelated cases. *E.g.*, *Oruta v. Bek*, 2011 IL App (1st) 092651-U, ¶¶ 1, 6 (another appeal, which consolidated two separate circuit court cases, was also dismissed for lack of jurisdiction)." *Oruta*, 2016 IL App (1st) 152735, ¶ 36 n.9.

¶ 14 Thus, our 2016 opinion put defendant on notice that this court was concerned with his onslaught of seemingly endless, frivolous filings. For example, in the 2016 opinion, we described the background of that appeal as follows:

"We provide a description of the prior appeals in this opinion so that issues do not repeat themselves. We quote from the documents themselves because the events of this case are so bizarre that they would be hard to believe without documentation. Just for example, plaintiff was able to obtain from the trial court an $80,000 garnishment order on a nonexistent judgment; and a defendant was forced to file a motion to dismiss—multiple times—although there was never any record of a complaint being filed which named it as a defendant." *Oruta*, 2016 IL App (1st) 152735, ¶ 4.

¶ 15 The above description of that appeal is indicative of the type of conduct present in most of these appeals. Thus, for example, in a 2013 order entered pursuant to Illinois Supreme Court Rule 23 (Ill. S. Ct. R. 23 (eff. July 1, 2011)), this court summarized the 2013 appeal as follows: "Plaintiff Larry Oruta filed a series of *pro se* complaints, that were completely unintelligible *** seeking to enforce a judgment that never existed." *Oruta III*, 2013 IL App (1st) 123541-U, ¶ 2.

¶ 16 Similarly, in the case at bar, plaintiff appears to be cleverly trying to use the device of filing a motion for a subpoena as a means to resurrect the appeal rights for a years-old dismissal.

¶ 17 This court can no longer countenance the wrongful gamesmanship exhibited by this *pro se* plaintiff. Appeals are not a game but a serious matter, which consumes the time and attention of both this court and the other litigants. As a result, we are considering imposing sanctions on plaintiff, which would involve barring plaintiff from filing any appeals again in this court without approval of this court to determine whether the appeal is in good faith.

¶ 18 Illinois Supreme Court Rule 375(b) provides: "If the reviewing court initiates the sanction, it shall require the party or attorney, or both, to show cause why such a sanction should not be imposed *before* imposing the sanction." (Emphasis added.) Ill. S. Ct. R. 375(b) (eff. Feb. 1. 1994); *Parkway*, 2013 IL App (1st) 130380, ¶ 96 (directing defendants to show cause why we should not impose a fine on them under Illinois Supreme Court Rule 375). Normally, we would issue a separate order setting a briefing schedule. *Parkway*, 2013 IL App (1st) 130380, ¶ 96. However, in the case at bar, we find that is not necessary, since we are contemplating a fine rather than a payment of attorney fees or costs to the other side. *Parkway*, 2013 IL App (1st) 130380, ¶ 96 (setting a briefing schedule on any petition for attorney fees, as well as the rule to show cause). Thus, we order plaintiff to show cause within 30 days of the date of this order why sanctions should not be imposed.

¶ 19 Illinois Supreme Court Rule 375(b) further provides: "Where a sanction is imposed, the reviewing court will set forth the reasons and basis for the sanction in its opinion or in a separate written order." Ill. S. Ct. R. 375(b) (eff. Feb. 1. 1994). We have set forth the reasons and basis for why we are considering a sanction in this order, as well in all the other orders and opinions cited in this order.

¶ 20 As we have stated in the past, "[t]his court is especially solicitous of self-represented parties who do not display punctilious compliance with our rules, particularly in cases where the issues are clear even though the brief is deficient. However, when the line is crossed, we have enforced our sanction rules." *Parkway*, 2013 IL App (1st) 130380, ¶ 85. With this *pro se* litigant, we find that the line has been crossed time after time.

¶ 21 Appeal dismissed; order to show cause entered.

¶ 22 JUSTICE LAMPKIN, specially concurring.

¶ 23 I concur only in the judgment reached by the majority.