2021 IL App (1st) 192361-U

No. 1-19-2361

March 10, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KENNETH R. MANNIE SR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 OP 60082 |
| | ) | |
| MARIA B. HENDERSON, | ) | Honorable |
| | ) | Tiana Blakely, |
| Respondent-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:   Due to the untimeliness of petitioner's notice of appeal, the appeal is dismissed for lack of jurisdiction.

¶ 2    Petitioner Kenneth R. Mannie Sr. appeals *pro se* from the circuit court's order granting the

motion of respondent, Maria B. Henderson, to vacate a plenary stalking no contact order (SNCO)

and dismissing the case. Although respondent has not filed a response brief, we may proceed under

the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). For the following reasons, we dismiss the appeal.

¶ 3    The record shows that on January 22, 2019, petitioner filed a *pro se* petition for an emergency SNCO against respondent. On March 5, 2019, the circuit court entered a disposition order indicating that a "PO" was issued on January 22, 2019, and that a hearing on the SNCO was set for April 16, 2019. On that date, the circuit court issued a plenary SNCO. Respondent thereafter filed a motion to vacate the plenary SNCO, which the circuit court granted on July 1, 2019. The court sheet from that date includes a notation stating "SNCO—vacated. Case dismissed."

¶ 4    On September 13, 2019, petitioner filed a *pro se* motion to "reconsider order to dismiss." The circuit court denied the motion to reconsider on September 26, 2019. On October 17, 2019, the circuit court entered a *sua sponte* order directing that the circuit court clerk "shall not accept filing of any kind from the petitioner *** without first being approved by [the] Presiding Judge." Petitioner filed a *pro se* notice of appeal on November 14, 2019. In the notice, petitioner listed the dates of the orders or judgments he wished to appeal as March 5, 2019, July 1, 2019, and October 17, 2019.

¶ 5    This court has an independent obligation to consider our jurisdiction to review a case and to dismiss an appeal when jurisdiction is lacking. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12. Resolving the issue of appellate jurisdiction in this case requires consideration of Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 6    Rule 301 provides that every "final judgment" in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our supreme court has defined a final judgment as "a

determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit" (*Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982)) and as an order that "resolve[s] every right, liability or matter raised" (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990)). An order vacating an order of protection constitutes a final order (see *People v. Barwicki*, 365 Ill. App. 3d 398, 400 (2006)), as does an order dismissing a case in its entirety (see *Doe v. Gleicher*, 393 Ill. App. 3d 31, 36 (2009)).

¶ 7    Rule 303(a)(1) (eff. July 1, 2017) requires a notice of appeal to be filed within 30 days after the entry of a final judgment. *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 4. Rule 303(a)(2) (eff. July 1, 2017) provides that a timely postjudgment motion will extend the time in which to file a notice of appeal by 30 days. *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 9. However, for that postjudgment motion to be timely, it must be filed within 30 days after the entry of the judgment. *Id.*; Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 8    Here, petitioner's notice of appeal purports to appeal from orders entered on March 5, 2019, July 1, 2019, and October 17, 2019. The March 5, 2019, order was a disposition order setting a future date for a hearing on the petition for the SNCO, and the October 17, 2019, order was a general order directing the circuit court clerk not to accept any filings from petitioner without prior approval from the presiding judge. Because neither of these orders determined any issue presented or resolved any matter raised, they are not final judgments that may be appealed. See *Marsh*, 138 Ill. 2d at 465; *Flores*, 91 Ill. 2d at 112. In contrast, the July 1, 2019, order vacated the SNCO and dismissed the case. As such, that order was final and appealable. See *Doe*, 393 Ill. App. 3d at 36; *Barwicki*, 365 Ill. App. 3d at 400.

¶ 9    That said, the order vacating the SNCO and dismissing the case was entered on July 1, 2019. Thus, the 30-day time frame for petitioner to file a timely postjudgment motion or notice of appeal from that order expired on July 31, 2019. Petitioner did not file his motion to reconsider until September 13, 2019. Therefore, the motion was untimely (see *Shatku*, 2013 IL App (2d) 120412, ¶¶ 9, 19) and did not toll the time for filing a notice of appeal (*Lampe v. Pawlarczyk*, 314 Ill. App. 3d 455, 469-70 (2000)).[1] Petitioner's notice of appeal, which he filed on November 14, 2019, was also untimely. *Id.* at 470.

¶ 10    The timely filing of the notice of appeal is the jurisdictional step required to perfect an appeal. *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5. Absent a timely filed notice of appeal, this court lacks jurisdiction and the appeal must be dismissed. *Id.* (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)). Our supreme court has stressed that "the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009). Moreover, "*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Here, where petitioner's notice of appeal was untimely, we are obliged to dismiss the appeal. *Lewis*, 234 Ill. 2d at 37; *Oruta*, 2017 IL App (1st) 152789, ¶ 5.

¶ 11    For the reasons explained above, we dismiss petitioner's appeal.

¶ 12    Appeal dismissed.

---

[1] Because the motion to reconsider was untimely, the circuit court had no jurisdiction to hear it and, therefore, its September 26, 2019, denial of the motion to reconsider is itself void for lack of jurisdiction. *Lampe*, 314 Ill. App. 3d at 475.