2022 IL App (1st) 210594-U

No. 1-21-0594

Order filed June 9, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LUCRETIA LONDON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 OP 79117 |
| | ) | |
| KELVIN COLEMAN, | ) | Honorable |
| | ) | Jeanne Cleveland Bernstein, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss respondent's appeal for lack of jurisdiction as he failed to file a timely notice of appeal.

¶ 2    Respondent Kelvin Coleman appeals *pro se* from a plenary order of protection entered in favor of petitioner Lucretia London and two minors under the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq.* (West 2020)). On appeal, respondent argues that the circuit court erred in granting the order as there was no evidence of abuse and the court exhibited bias

against him and his attorney and in favor of petitioner. We dismiss the appeal for lack of jurisdiction based on defendant's failure to file a timely notice of appeal.

¶ 3     The record on appeal lacks a report of proceedings. However, the common law record shows that, on December 23, 2020, petitioner filed a petition for an independent order of protection against respondent, under the Act. In the petition, she stated that she feared respondent and alleged that he threatened to take their child, accused her of cheating, and told her that "people who cheat get killed." Respondent threatened to harm her friend. He repeatedly remained outside petitioner's residence after dropping off their child, watching her. On December 16, 2020, respondent dropped their child off despite being scheduled to have the child overnight, grew angry, and yelled at petitioner. Petitioner called the police. She suspected respondent returned with their child in order to stalk petitioner and her friend.

¶ 4     The court granted an emergency order of protection to petitioner and two minors prohibiting respondent from abusing, harassing, or stalking them, and from interfering with their personal liberty or intimidating any dependents. The court *inter alia* granted petitioner exclusive possession of a residence, prohibited respondent from entering or remaining in the household or residence or contacting them there, and granted petitioner physical care and possession of their child.

¶ 5     On January 13, 2021, the court extended the emergency order of protection to February 2, 2021, and granted respondent parenting time pursuant to an agreed order. On February 2, 2021, the court extended the emergency order of protection to March 5, 2021.

¶ 6     On March 5, 2021, the court granted petitioner and the two minors a civil plenary order of protection against respondent. The order prohibited him from harassing them, interfering with their

personal liberty, stalking them, or intimidating their dependents. The order also granted petitioner exclusive possession of the residence and prohibited respondent from entering or remaining in the residence or contacting them there. The order further granted petitioner physical care and possession of their child, and prohibited respondent from removing the child from her physical care. He was granted visitation pursuant to a prior order. The plenary order was to remain in effect until March 3, 2023.

¶ 7    On May 24, 2021, respondent filed a *pro se* notice of appeal from the court's March 5, 2021, plenary order.

¶ 8    On appeal, respondent argues that the circuit court erred in entering the order as there was no evidence that he abused petitioner. He further argues the court was "combative" with his attorney, helped petitioner testify while limiting his testimony, and was biased against him.

¶ 9    Initially, we note that, on February 15, 2022, we entered an order taking the case for consideration on respondent's *pro se* brief only, as petitioner did not file a response brief within the time prescribed in Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 10    That said, we have an independent duty to consider our jurisdiction and dismiss an appeal if we lack jurisdiction. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12 (citing *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 917 (1991)).

¶ 11    In this case, respondent is appealing from the entry of a civil plenary order of protection. To appeal in a civil case, an appellant must file a notice of appeal within 30 days following

judgment. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (appeals are initiated by filing notice of appeal); R. 303(a)(1) (eff. July 1, 2017) (notice of appeal must be filed within 30 days following judgment). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 12    If an appellant fails to timely file a notice of appeal, we lack jurisdiction and must dismiss the appeal. *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5 (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)); see also *Secura*, 232 Ill. 2d at 217-18 (explaining that appellate court has no authority to excuse the filing requirements of supreme court rules governing appeals). Further, *pro se* litigants are not excused from complying with relevant deadlines. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions.").

¶ 13    Here, the circuit court entered the plenary order of protection on March 5, 2021. Defendant therefore had 30 days from that date to file a timely notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); see also *Scheider v. Ackerman*, 369 Ill. App. 3d 943, 945 (2006) ("the court's decision on the petitioner's right to a plenary order is the usual final order in an order of protection proceeding"). He did not file his *pro se* notice of appeal until May 24, 2021—well past the 30-day deadline prescribed by Rule 303. Thus, his notice of appeal is untimely. Moreover, he did not seek leave to file a late notice of appeal. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017) (within 30 days following expiration of time to file a notice of appeal, appellant may move in the reviewing court for leave to file a late notice of appeal). Accordingly, we lack jurisdiction and must dismiss his appeal. *Oruta*, 2017 IL App (1st) 152789, ¶ 5 (citing *Lewis*, 234 Ill. 2d at 37).

¶ 14     For the foregoing reasons, we dismiss respondent's appeal.

¶ 15     Appeal dismissed.