2023 IL App (1st) 210631-U

No. 1-21-0631

Order filed October 5, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VIATTA HAMMOND, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 OP 70659 |
| | ) | |
| LACOLE MURRAY, | ) | Honorable |
| | ) | Thomas M. Cushing, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Due to the untimeliness of respondent's notice of appeal, we dismiss for lack of jurisdiction.

¶ 2    Respondent Lacole Murray appeals *pro se* from the circuit court's entry of a plenary stalking no contact order (SNCO), protecting petitioner, Viatta Hammond, and three other individuals. Although Hammond has not filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128,

133 (1976), and have ordered the appeal taken on Murray's brief and the record alone. For the following reasons, we dismiss the appeal.

¶ 3    The record demonstrates that on January 28, 2021, Hammond filed a *pro se* petition for an SNCO against Murray, pursuant to the Stalking No Contact Order Act (740 ILCS 21/1 *et seq.* (West 2020)). On that same date, the circuit court entered an emergency SNCO protecting Hammond and three other individuals, two of whom were identified as minors. The emergency SNCO was extended several times. Following a hearing on April 5, 2021, the circuit court entered a plenary SNCO, effective for two years. The plenary SNCO indicated that Murray was served in open court.

¶ 4    On June 1, 2021, Murray filed a *pro se* notice of appeal, identifying the date of the judgment/order being appealed as April 5, 2021.

¶ 5    This court has an independent obligation to consider our jurisdiction to review a case and to dismiss an appeal when jurisdiction is lacking. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12. "Any proceeding to *** appeal a stalking no contact order shall be governed by the rules of civil procedure of this State." 740 ILCS 21/30 (a) (West 2020). Thus, resolving the issue of appellate jurisdiction in this case requires consideration of Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 6    Rule 301 provides that every final judgment in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our supreme court has defined a final judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit" (*Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982)) and as an order that "resolve[s] every right, liability or matter raised" (*Marsh v. Evangelical Covenant*

*Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990)). An order entering a plenary SNCO constitutes a final order. See *McNally v. Bredemann*, 2015 IL App (1st) 134048, ¶¶ 21, 23. Rule 303(a)(1) (eff. July 1, 2017) requires a notice of appeal to be filed within 30 days after the entry of a final judgment. *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 4.

¶ 7    Here, the circuit court entered the plenary SNCO on April 5, 2021. Thus, Murray had 30 days, or until May 5, 2021, to file a timely notice of appeal. Murray's notice of appeal, which she filed on June 1, 2021, was therefore untimely.

¶ 8    The timely filing of a notice of appeal is a jurisdictional step required to perfect an appeal. *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5. Absent a timely filed notice of appeal, this court lacks jurisdiction and the appeal must be dismissed. *Id.* (Citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)). Our supreme court has stressed that "the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009). Moreover, "*[p]ro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Here, where Murray's notice of appeal was untimely, we are obliged to dismiss the appeal. *Lewis*, 234 Ill. 2d at 37; *Oruta*, 2017 IL App (1st) 152789, ¶ 5.

¶ 9    For the reasons explained above, we dismiss Murray's appeal.

¶ 10    Appeal dismissed.