2026 IL App (1st) 250374-U

No. 1-25-0374

Order filed March 11, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| BRANDON WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M1 125446 |
| | ) | |
| CHI TOWN MOTORS, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss the appeal for lack of jurisdiction where plaintiff failed to timely file a notice of appeal from a final, appealable order.

¶ 2    Plaintiff Brandon Williams appeals *pro se* from the trial court's judgment in favor of defendant Chi Town Motors (also referred to as Chitown Motors) after trial on Williams's consumer fraud action. On appeal, Williams argues that the trial court erred in entering judgment in favor of Chi Town Motors where it engaged in deceptive sales practices. Because Williams filed an untimely notice of appeal, we dismiss for lack of jurisdiction.

¶ 4                                    I. BACKGROUND

¶ 5      The record on appeal consists of a common law record and lacks a report of proceedings or acceptable substitute under Illinois Supreme Court Rule 323 (eff. Jul. 1, 2017). The following background is gleaned from the common law record.

¶ 6      On October 4, 2024, Williams filed a *pro se* small claims complaint against Chi Town Motors, alleging that they owed him $9000. According to the complaint, on August 9, 2024, Williams purchased a 2006 Lexus for an "OTD" (out the door) price of $5000 from Chi Town Motors. Chi Town Motors represented to Williams that there would be a warranty for the engine and transmission and that both "were good." The documents Williams signed stated there was no warranty but Williams alleged the Chi Town Motors sales associate confirmed there was a warranty in a separate document. Williams asked for the warranty and title and was told they would take a few days to process. The next morning, as Williams was driving the car on the highway, "all the dash lights came on," and he lost control of the steering.

¶ 7      Williams attempted to drive the vehicle again on August 13, 2024, but the vehicle displayed the code for "transmission along with abs etc," and he did not feel safe. He requested a tow to Chi Town Motors. Chi Town Motors returned the car to Williams on August 22, 2024, but the dash lights were still on. He took the vehicle back to Chi Town Motors on August 24, 2024, because the brakes "were literally smoking." On August 31, 2024, Chi Town Motors returned the vehicle to Williams and someone handed him warranty information and told him to "wait until after the 9th."

¶ 8      On September 10, 2024, Williams called the warranty company and was informed that the warranty plan was purchased on August 31, 2024. He subsequently took the vehicle to a mechanic and learned it needed a new transmission, costing $3,000. Williams was later informed his claim

was denied because the warranty plan had to be purchased no more than 72 hours after the vehicle purchase date.

¶ 9    On January 14, 2025, the trial court entered an order setting March 19, 2025, as the in-person trial date and ordering Chi Town Motors to file an appearance "on or before" that date.

¶ 10    On January 22, 2025, the trial court entered an order noting that Williams and Chi Town Motors were present before the court and finding in favor of Chi Town Motors "after trial." The order stated that although "[p]laintiff alleged defendant promised a warranty with the sale of the car, the documents submitted show that the sale was 'as is where is' with no warranty whatsoever. Plaintiff failed to meet his burden."

¶ 11    Williams filed a notice of appeal on February 27, 2025. The notice of appeal lists the dates of the judgments being appealed as January 14 and 22, 2025.

¶ 12                                    II. ANALYSIS

¶ 13    Although Chi Town Motors failed to file a response brief within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008), we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on Williams's brief and the record alone.

¶ 14    On appeal, Williams argues (1) Chi Town Motors fraudulently misrepresented the existence and timing of the vehicle's warranty, (2) the trial court failed to consider Chi Town Motors' bad faith conduct and pattern of deceptive practices, and (3) the trial court failed to find that Chi Town Motors falsely represented the vehicle's transmission was in good condition at the time of sale.

¶ 15   As an initial matter, it is incumbent on this court to determine our jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. *Id.*

¶ 16   Illinois Supreme Court Rule 301 provides that every "final judgment" in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our supreme court has defined a final judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit" (*Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005)) and as an order that "resolve[s] every right, liability or matter raised" (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990)).

¶ 17   Under Illinois Supreme Court Rule 303(a)(1), a notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Where a motion directed against a judgment is timely filed within 30 days of the judgment, a notice of appeal must be filed "within 30 days after the entry of the order of the last pending postjudgment motion directed against that judgment or order." *Id.* "[T]he timely filing of the notice of appeal is the only jurisdictional step required to perfect the appeal." *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5.

¶ 18   We initially note that the trial court's January 14, 2025, order was not final and appealable as it merely called for Chi Town Motors to file an appearance and did not fix the rights of the parties in the lawsuit or resolve any matter raised. See *Illinois Bell Telephone Co.*, 217 Ill. 2d at 232-33; *Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d at 465.

¶ 19   Here, the trial court entered its final and appealable order on January 22, 2025. The 30-day time frame for Williams to file a timely notice of appeal or motion directed against the judgment

expired on Friday, February 21, 2025. However, Williams filed neither a notice of appeal nor a postjudgment motion by February 21, 2025. Rather, he filed his notice of appeal on February 27, 2025, which was more than 30 days after the court entered its final judgment.

¶ 20 Williams failed to file a motion in this Court requesting leave to file a late notice of appeal outside the 30-day limit. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

> "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal[.]" *Id.*

Accordingly, where Williams's notice of appeal was untimely filed, we are obliged to dismiss the appeal for lack of jurisdiction. *Oruta*, 2017 IL App (1st) 152789, ¶ 5.

¶ 21                                    III. CONCLUSION

¶ 22 For the foregoing reasons, we dismiss Williams's appeal for lack of jurisdiction.

¶ 23 Appeal dismissed.