Docket No. 105991.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

SECURA INSURANCE COMPANY, Appellee, v. ILLINOIS
FARMERS INSURANCE COMPANY, Appellant.

*Opinion filed January 23, 2009.*

CHIEF JUSTICE FITZGERALD delivered the judgment of the
court, with opinion.

Justices Freeman, Thomas, Kilbride, Garman, Karmeier, and
Burke concurred in the judgment and opinion.

**OPINION**

Plaintiff Secura Insurance Company (Secura) filed a declaratory
judgment action against Illinois Farmers Insurance Company
(Farmers) in the circuit court of Du Page County. Secura sought a
declaration that a policy of automobile insurance issued by Farmers
to Paul Stech obligated Farmers to defend and indemnify Bogoja
Muzikoski, doing business as B&A Automotive Repair (B&A
Automotive), with regard to an accident involving Stech's
automobile. After cross-motions for summary judgment were filed,
the trial court granted summary judgment in favor of Farmers. Secura
filed a notice of appeal, but did not include a certificate or affidavit
indicating the date of filing with the circuit court clerk. The appellate
court denied Farmers' motion to dismiss the appeal due to failure to

timely file the appeal, and found in favor of Secura on the merits of the case. 377 Ill. App. 3d 536. We granted leave to appeal (210 Ill. 2d R. 315) and find that the notice of appeal was not timely filed, thus depriving the appellate court of jurisdiction. We therefore vacate the judgment of the appellate court and dismiss the appeal.

## BACKGROUND

The facts are not in dispute. On October 21, 2000, in the course of his employment, B&A Automotive employee Daniel Dill was driving a 1995 Chevrolet Blazer owned by Paul Stech when Dill was involved in an accident with a vehicle driven by Vincent Henehan. B&A Automotive was insured at the time of the accident under a commercial liability policy issued by Secura with limits of $1 million. Stech and his Chevrolet Blazer were insured by Farmers under a policy of automobile insurance. Henehan and his wife subsequently sued Dill and B&A Automotive seeking damages. In this underlying action, the Henehans alleged that Dill was an agent and employee of B&A Automotive at the time of the accident. This lawsuit later settled out of court for $1 million.

Secura initially defended both B&A Automotive and Dill in the underlying action under the commercial liability policy. The underlying plaintiffs voluntarily dismissed Dill and accepted a settlement from Secura on behalf of B&A Automotive.

Secura filed a complaint against Farmers in the circuit court of Du Page County. It sought a declaration that Farmers owed B&A Automotive defense and indemnity obligations under the automobile policy. Secura also sought a bad-faith finding against Farmers. Farmers asserted affirmative defenses to Secura's complaint. The parties filed cross-motions for summary judgment. Among Farmers' arguments were that B&A, as an employer of Dill, did not qualify as an "insured person" under the policy's definition. The policy states that employers of "insured persons" are excepted from coverage. Secura responded that section 7–317(b)(2) of the Illinois Vehicle Code (625 ILCS 5/7–317(b)(2) (West 2004)) does not permit an insurer to exclude permissive employers from coverage. Further, according to Secura, even if section 7–317(b)(2) granted such permission, Farmers' employers exclusion offends public policy as

articulated in the equal treatment test set forth by this court in *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121 (2005), and *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369 (2001).

On March 17, 2006, the trial court granted Farmers' motion for summary judgment and denied Secura's motion for summary judgment. The trial court declared that Farmers owed no duty to defend or indemnify B&A Automotive. It found the Farmers policy clearly and unambiguously excluded Muzikoski as an insured and also did not violate Illinois law or public policy.

Secura then sought reconsideration of the trial court's March 17, 2006, order. This motion was denied on May 17, 2006. The circuit court received Secura's notice of appeal on June 20, 2006.

Farmers filed a motion to dismiss for want of jurisdiction in the appellate court. The appellate court initially granted Farmers' unopposed motion to dismiss Secura's appeal for want of jurisdiction and issued its mandate on December 21, 2006. After the appeal was dismissed, however, Secura moved to recall the mandate, for leave to respond to Farmers' motion *instanter* and to rehear Farmers' motion to dismiss.

The court allowed the motion to recall the mandate and vacated the order dismissing the appeal. The appellate court also allowed Secura to supplement the record with a letter to the circuit court dated June 16, 2006, and ruled that the motion be taken with the case. No affidavit or certificate of service was filed, however.

The appellate court then denied Farmers' motion to dismiss in its written opinion. The appellate court ruled that it was not deprived of jurisdiction to hear Secura's appeal because the failure to comply with the rules was "harmless error" and there was no showing of prejudice to Farmers. 377 Ill. App. 3d at 541.

Turning to the merits, the appellate court held that the provision of Farmers' policy excepting from the definition of insured person "[a]ny person or organization, other than you or a family member, who is the employer of any insured person" was void as against Illinois public policy as expressed by the Illinois Vehicle Code (625 ILCS 5/1–100 *et seq.* (West 2004)) and the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7–317(b)(2), (b)(3) (West

2004)). 377 Ill. App. 3d at 547. We granted leave to appeal. 210 Ill. 2d R. 315.

## ANALYSIS

A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue. *People v. Smith*, 228 Ill. 2d 95, 106 (2008); *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Therefore, before we may consider the merits, we must determine the threshold question of whether the appellate court improvidently took jurisdiction over Secura's appeal.

The timely filing of a notice of appeal is both jurisdictional and mandatory. 134 Ill. 2d R. 301; *People v. Smith*, 228 Ill. 2d 95, 104 (2008); *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998); *R.W. Dunteman*, 181 Ill. 2d at 159. At issue is Secura's appeal of the trial court's May 17, 2006, order denying its motion for reconsideration. By operation of Rule 303(a)(1), Secura's notice was due at the circuit court clerk's office within 30 days, or by June 16, 2006. See 210 Ill. 2d R. 303(a)(1) (notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against the judgment or order). There is no dispute that the circuit court did not receive the notice of appeal on that date.

However, the notice of appeal may be filed by mail pursuant to Rule 373 (155 Ill. 2d R. 373). In the *Harrisburg-Raleigh* case, we stated that a "notice of appeal, unlike many other papers filed in the circuit court, is closely related to the appellate process." *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326 (1989). We concluded that it was "therefore appropriate that the promailing policy of Rule 373 should be applied to the filing of a notice of appeal under Rule 303(a)." *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341-42. Rule 373, entitled "Date of Filing Papers in Reviewing Court; Certificate or Affidavit of Mailing," states:

> "Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually

received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3)." 155 Ill. 2d R. 373.

There is no dispute here that Secura's notice of appeal was received after the due date. Therefore, Rule 373 directs that we look to Rule 12(b)(3). Rule 12, entitled "Proof of Service in the Trial and Reviewing Courts; Effective Date of Service" states, in part:

"(a) Filing. When service of a paper is required, proof of service shall be filed with the clerk.

(b) Manner of Proof. Service is proved:

(1) by written acknowledgment signed by the person served;

(2) in case of service by personal delivery, by certificate of the attorney, or affidavit of a person, other than an attorney, who made delivery;

(3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid; or

(4) in case of service by facsimile transmission, by certificate of the attorney or affidavit of a person other than the attorney, who transmitted the paper via facsimile machine, stating the time and place of transmission, the telephone number to which the transmission was sent, and the number of pages transmitted." 145 Ill. 2d R. 12.

At issue is subpart (3) of Rule 12(b), concerning service by mail. We therefore must determine if Secura's mailing fulfilled the requirements of proof pursuant to this rule where there is no certificate or affidavit of mailing in the record.

Farmers asserts that the record reflects that the notice of appeal was filed on June 20, 2006. Farmers argues that the cover letter submitted by Secura to supplement the record is not adequate proof of service. According to Farmers, the cover letter lacks the very certification that would have permitted the court to determine the

-5-

timeliness of the notice of appeal. Here, according to Farmers, Secura did not "partially comply" with Rule 12(b)(3). Rather, there was *no* compliance with that rule. Secura does not adopt the argument of the appellate court that it made a "harmless error" and that Farmers was not prejudiced. Rather, Secura argues that it essentially complied with the rule and only concedes that there is no reference to the "time" of mailing. We agree with Farmers.

Rule 373 modifies the requirement of timely filing by specifying that, if a document is filed "after the due date, the time of mailing shall be deemed the time of filing." 155 Ill. 2d R. 373. That rule also, however, requires that "[p]roof of mailing *shall* be as provided in Rule 12(b)(3)." (Emphasis added.) 155 Ill. 2d R. 373. Rule 12(b)(3) provides that "in case of service by mail, [service is provided] by *certificate* of the attorney, or *affidavit* of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid[.]" (Emphases added.) 145 Ill. 2d R. 12(b)(3). Thus, while Rule 373 relaxes the requirement of timely filing where a party takes advantage of the convenience of mailing a document, a party can only take advantage of Rule 373 if it files proper proof of mailing as required by Rule 12(b)(3). 155 Ill. 2d R. 373. The reason for such a requirement is elementary. If there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court.

Secura contends that the cover letter, which lacks any accompanying certification or affidavit, is alone sufficient to comply with the rule. The cover letter does not provide "proof of mailing" such that it is competent evidence under the rule. The letter does not contain an affidavit or a certificate and nothing is *certified* or *sworn to*. The cover letter contains only a date, which, at best, indicates that it may have been mailed on that date. This is simply insufficient for purposes of the rule. Indeed, the record, having been supplemented with the cover letter, offers no more certainty concerning the timeliness of the notice than it did before the cover letter became part of the record.

Additionally, the "Notice of Filing" sent to opposing counsel is not adequate proof that the notice of appeal was mailed on the date it

was due. The "Notice of Filing" refers to the notice of appeal, but is directed to Farmers' lawyers, and the certificate of service attached indicates only that the notice of filing was mailed to Farmers' lawyers on June 16, 2006. There is nothing in the certification or in the body of the notice of filing that attests to the mailing of the notice of appeal to the clerk on June 16, 2006.

Secura argues that the only element required by Rule 12(b)(3) that was missing from Secura's entire mailing is the *time* of the mailing. This is not true, as Rule 12(b)(3) also requires a certificate or affidavit of mailing to the clerk.

We emphasize that the timely filing of an appeal is both jurisdictional and mandatory and the court must determine its own jurisdiction even if no party objects. The appellate court cited *Curtis v. Pekin Insurance Co.*, 105 Ill. App. 3d 561 (1982), and *Kimbrough v. Sullivan*, 131 Ill. App. 2d 313 (1971), in support of its position. However, those cases addressed defects in the proof of service. The issue in this case is not, as the appellate court believed, merely about a slight defect in the *form* of the notice. This is not a case where a certificate or an affidavit was submitted which had a typographical error, misspelling, or other inadvertent mistake. Rather, this case concerns Secura's failure to prove by certificate or affidavit that it complied with the jurisdictional 30-day notice requirement in Rule 303. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143 (1994).

Harmless-error analysis is not applicable here. The appellate court's decision to review this case on the merits was improper, as the appellate court did not have jurisdiction over the appeal. As this court has previously stated in *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143 (1994), "[w]e are not insensitive to the concern expressed by the appellate court in the instant case. However, this court has general supervisory authority to oversee the administration of its own rules in the statewide system of courts." *Mitchell*, 158 Ill. 2d at 150. The appellate court's ruling may be well intentioned, but the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals. *Mitchell*, 158 Ill. 2d at 150. Moreover, we note that the record is devoid of any attempt by Secura to supply a proof of service or affidavit. Further, the record also does not show that Secura made a motion under Rule 303(d), arguing a reasonable excuse for a late notice of appeal. 210 Ill. 2d R.

303 (an appellant may file a motion for late notice of appeal within 30 days of the due date if it has a reasonable excuse).

Because we have determined that the appellate court lacked jurisdiction over the appeal, the appellate court should have dismissed the case. We therefore need not reach the merits.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the appellate court and dismiss the appeal for lack of jurisdiction.

*Appellate court judgment vacated;*
*appeal dismissed.*