2020 IL App (1st) 191221-U
No. 1-19-1221

SECOND DIVISION
September 8, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In re* ESTATE OF ANNIE CAMPBELL HIGGINS | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Keevin Schier, Executor, Petitioner-Appellee v. Tariq A. Abdal-Wahid, Respondent-Appellant).[1] | ) ) ) ) | No. 14 P 5825 |
| | ) ) ) ) ) | The Honorable Karen O'Malley, Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held:*   Because the respondent's motion to reconsider the trial court's ruling on the petition's motion to reconsider did not toll the time for filing a notice of appeal, the respondent's notice of appeal was untimely and the appellate court lacked jurisdiction over the appeal.

---

[1] We note that respondent filed a *pro se* notice of appeal incorrectly designating the case caption as follows: "Tariq A. Abdal Wahid," as the Plaintiff/Petitioner-Appellant, v. "Keevin A. Schier," as the Defendant/Respondent-Appellee. However, respondent's notice does not make clear that the appeal arose from a probate proceeding regarding the estate of Annie Campbell Higgins. We have chosen to use a caption in our disposition that more accurately conveys the nature of this appeal to avoid any confusion. For this reason, the caption used in this disposition differs from this case's title as docketed in our records.

¶ 2    Respondent, Tariq A. Abdal-Wahid, appeals the trial court's determination that because respondent's marriage to the decedent, Annie Campbell Higgins, was not legally enforceable under Syrian law, respondent was not a proper heir of decedent. We conclude that we lack jurisdiction over respondent's appeal and, thus, dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4    Following decedent's death, petitioner, as executor of decedent's estate, instituted this action to probate decedent's last will and testament. Shortly thereafter, the trial court issued an order declaring heirship, which listed respondent as decedent's putative husband and heir. During the pendency of this action, a dispute arose over the proper recipient of retirement benefits belonging to decedent that were being held by the State Universities Retirement System of Illinois ("SURS"). SURS determined that respondent was decedent's husband and was entitled to the benefits. Petitioner disagreed and sought to administratively appeal that determination, but SURS stayed those proceedings pending the trial court's issuance of a final order declaring heirship.

¶ 5    In March 2018, petitioner filed a petition to amend the declaration of heirship, seeking to remove respondent as an heir on the basis that his and decedent's marriage, which took place in Syria, was not a legal and enforceable marriage under Syrian law. Because it was not a legal and enforceable marriage under Syrian law, petitioner argued, it was not legally enforceable in the United States. Respondent, of course, opposed this petition. Following an evidentiary hearing, on December 20, 2018, the trial court determined that respondent had carried his burden of proving that his marriage to decedent was legally enforceable. Accordingly, the trial court issued an amended order declaring heirship, which listed respondent as decedent's only heir.

¶ 6        The trial court granted petitioner until February 8, 2019, to file a motion to reconsider, which petitioner did.  In that motion, petitioner argued that the trial court misunderstood and misapplied the law.  Following a hearing on the matter, on March 19, 2019, the trial court granted petitioner's motion to reconsider, concluding that the marriage between decedent and respondent, although valid, was not legally enforceable under Syrian law.  Accordingly, the trial court ordered that respondent be removed as an heir of decedent's estate.

¶ 7        On April 12, 2019, respondent filed a motion to reconsider the order of March 19, 2019, in which he requested that the trial court again review the documents he had submitted as evidence of his marriage to decedent and to revisit its conclusion.  The trial court denied respondent's motion to reconsider on May 15, 2019, and on June 14, 2019, respondent filed his notice of appeal.

¶ 8                                                    ANALYSIS

¶ 9        On appeal, respondent argues that the trial court erred in concluding that his marriage to decedent was not legally enforceable under Syrian law.  Before we may consider the merits of any appeal, we must first ascertain whether we have jurisdiction.  Although none of the parties to this appeal contest our jurisdiction, we have an independent duty to consider it.  *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 27.  Here, we conclude that we do not have jurisdiction.

¶ 10       Petitioner contends in his brief that we have jurisdiction pursuant to Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016).[2]  Rule 304(b)(1) provides that a judgment or order in an estate proceeding that finally determines a right or status of a party may be immediately appealed without the special finding typically required under Supreme Court Rule 304(a) (eff. Mar. 8, 2016) in cases where the judgment resolves fewer than all claims against all parties.  Although

---

[2] Respondent's brief does not contain a jurisdictional statement in violation of Supreme Court Rule 341(h)(4) (eff. May 25, 2018).

petitioner is correct that Rule 304(b)(1) resolves the jurisdictional impediment that pending claims usually impose on appeals, this alone does not establish our jurisdiction.

¶ 11   A timely notice of appeal is both mandatory and jurisdictional. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Rule 304(b) provides that the time for filing a notice of appeal under that section is governed by Supreme Court Rule 303 (eff. July 1, 2017). Supreme Court Rule 303(a)(1) provides that a party seeking to appeal from a final order must file his or her notice of appeal within 30 days of the entry of that final order or, if a timely posttrial motion is filed, within 30 days of the order resolving that posttrial motion. Rule 303(a)(2) further provides in relevant part:

"A party intending to challenge an order disposing of any postjudgment motion or separate claim, or a judgment amended upon such motion, must file a notice of appeal, or an amended notice of appeal within 30 days of the entry of said order or amended judgment ***. No request for reconsideration of a ruling on a postjudgment motion will toll the running of time within which a notice of appeal must be filed under this rule."

¶ 12   Here, the trial court entered its judgment on December 20, 2018. Later, on March 19, 2019, the trial court granted petitioner's motion to reconsider and modified the judgment. Pursuant to Rule 303(a)(2), if respondent sought to challenge the trial court's March 19, 2019, ruling on petitioner's motion to reconsider, he was required to file a notice of appeal within 30 days of March 19, 2019. In other words, to timely institute an appeal, respondent needed to file his notice of appeal no later than April 18, 2019. Respondent failed to do so. Instead, he chose to file a motion to reconsider the March 19, 2019, order. This motion did nothing to extend respondent's time for filing his notice of appeal, per the explicit terms of Rule 303(a)(2), because it was a motion to reconsider the ruling on a motion to reconsider. Thus, respondent's notice of

appeal still needed to be filed no later than April 18, 2019. Respondent did not, however, file his notice of appeal until June 14, 2019, months after it was due. Because respondent failed to file a timely notice of appeal, we lack jurisdiction and must dismiss this appeal.

¶ 13    Moreover, even if we did have jurisdiction, we still would be unable to afford respondent the relief he seeks. It is a well-established principle in appellate practice that the appellant bears the burden of presenting the reviewing court with a record on appeal that is sufficient to allow for meaningful review.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."

*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 14    Respondent challenges the trial court's determination that he is not an heir of decedent's because his marriage to decedent was not legally enforceable in Syria and, thus, is not legally enforceable in the United States. The trial court's determination of heirship is reviewed under a manifest-weight-of-the-evidence standard. *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 174. To assess whether the trial court's determination was against the manifest weight of the evidence, we must be able to review all of the evidence presented to the trial court. Nevertheless, respondent has failed to provide us with all of that evidence, in that he has failed to include in the record on appeal any reports of proceedings. More specifically, respondent has not provided us with transcripts of the evidentiary hearing held on petitioner's petition to amend the declaration of heirship or the hearing on petitioner's motion to reconsider. Absent those

transcripts, including the witness testimony that would be found therein, we are unable to provide any meaningful review of the evidence or the trial court's findings. Accordingly, even if we had jurisdiction over respondent's appeal, we would have to assume that the trial court did not err. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 15                              CONCLUSION

¶ 16          For the foregoing reasons, this appeal is dismissed.

¶ 17          Appeal dismissed.