2023 IL App (1st) 220766-U

THIRD DIVISION
September 20, 2023

No. 1-22-0766

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LYNDA LAYTON, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2021 M4 004766 |
| | ) | |
| KATHY BELLAS, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | Honorable Kevin T. Lee, |
| (Ronald McIntyre, Unknown Occupants; Defendants). | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1   *Held:*   This appeal is dismissed for lack of appellate jurisdiction because the appellant filed an untimely notice of appeal.  Dismissed.

¶ 2   Defendant Kathy Bellas appeals *pro se* from a trial court order denying her petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)).  On appeal, defendant contends that the trial court erred in denying her petition.  We dismiss defendant's appeal for lack of appellate jurisdiction because her notice of appeal was untimely filed.

¶ 3    The record before us indicates that plaintiff Lynda Layton filed a complaint seeking eviction against defendant and others on October 14, 2021. On December 22, 2021, following a hearing, the trial court granted plaintiff possession of the property and awarded plaintiff a monetary judgment of $6,637. On March 21, 2022, defendant filed her petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)).

¶ 4    On June 1, 2022, defendant filed her *pro se* notice of appeal on the form provided by the Supreme Court Access to Justice Commission. Defendant stated that the order she was seeking to appeal was dated March 30, 2022. Defendant's form further indicated that she wanted this court to order the trial court to, *inter alia*, "vacate or set aside its jud[g]ment entry in this matter."

¶ 5    On March 20, 2023, this court granted defendant's motion to supplement the record with a trial court order dated December 5, 2022. In the "Notice of Filing" section of her motion to supplement, defendant wrote, "The original March 30, 2022[,] final order was lost." In the trial court's December 2022 order, it noted that the circuit court clerk could not locate "the original half sheet from March 30, 2022," and concluded that the original half sheet from that date was lost. The court then stated, "the court of its own accord enters this order *nun*[*c*] *pro tunc* to March 30, 2022, denying defendant's 2-1401 petition to vacate as it is not supported by an affidavit."

¶ 6    Plaintiff did not file an appellee's brief in response to this appeal, but we may nonetheless consider this appeal based solely on the record and defendant-appellant's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976) (holding that a reviewing court may decide the merits of the case if the record is simple and the court is able to dispose of the appeal without the aid of an appellee's brief).

¶ 7    We must first address, however, our jurisdiction over this appeal. A reviewing court has an independent duty to consider its own jurisdiction before proceeding to the merits of the case, regardless of whether the parties have raised it as an issue. *Secura Insurance Co. v. Illinois*

*Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Where jurisdiction is lacking, this court is required to dismiss the appeal. *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 440 (1985).

¶ 8 Illinois Supreme Court Rule 303(a)(1) provides that a notice of appeal must be filed with the clerk of the circuit court "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the *** pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura*, 232 Ill. 2d at 213; see also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("No other step is jurisdictional.") Furthermore, the court can grant an appellant an extension, but only "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time *** filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 9 In this case, the trial court denied defendant's section 2-1401 petition on March 30, 2022, but as defendant and the trial court both admitted, the circuit clerk lost the original half sheet from that date, which reflected the denial of her petition. The trial court's subsequent *nunc pro tunc* order, although dated December 5, 2022, nonetheless related back to the original date of its denial: March 30, 2022. See *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 29 ("A *nunc pro tunc* order reflects the reality of what occurred."). Defendant thus had 30 days from March 30, 2022, to file her notice of appeal. Her notice, however, was filed on June 1, 2022, well beyond 30 days following the trial court's denial order. In addition, there is nothing in the record to indicate that defendant filed a motion seeking an extension of time to file her notice of appeal, so we cannot extend the time for filing. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017). Therefore, we are compelled to dismiss this appeal for want of jurisdiction.

¶ 10 Appeal dismissed.