2024 IL App (1st) 240313-U

No. 1-24-0313

Order filed September 6, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HATTIE JACKSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 CH 06124 |
| | ) | |
| SABRINA HUNTER, | ) | Honorable |
| | ) | Cecilia A. Horan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE C.A. Walker delivered the judgment of the court.
Presiding Justice Tailor and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant's appeal is dismissed for lack of jurisdiction due to the untimely filing of the notice of appeal.

¶ 2     Defendant Sabrina Hunter appeals *pro se* from the trial court's order granting summary judgment to plaintiff Hattie Jackson on her complaint challenging defendant's construction of a wood fence extension that encroached onto plaintiff's land. On appeal, defendant contends that the trial court erred "in finding how the [property] boundary line was to be measured," and that

plaintiff made material misrepresentations and withheld evidence regarding the fence. We dismiss this appeal for lack of jurisdiction.

¶ 3    The record on appeal does not contain a report of proceedings or substitute therefor. The following facts are derived from the common law record.

¶ 4    On December 8, 2021, through counsel, plaintiff filed a complaint against defendant in the Circuit Court of Cook County. Count I sought a declaratory judgment that the wooden fence extension along the southern border of defendant's property encroached upon plaintiff's land by 1.1 feet. Count II sought an injunction ordering defendant to remove the wood fence extension.[1]

¶ 5    Plaintiff alleged that defendant, whose property was adjacent and directly north of plaintiff's property, constructed a wood fence extension where their properties met. According to the complaint, an attached plat of survey of plaintiff's property indicated that defendant's wood fence extension encroached 1.1 feet onto the northern border of plaintiff's property. Plaintiff also alleged that a concrete walkway encroached onto her land by 2.13 feet but did not specify whether the walkway was owned or placed by defendant.

¶ 6    On July 28, 2022, defendant, *pro se*, filed an answer to plaintiff's complaint. Defendant denied that she constructed a wood fence extension. Rather, the encroachment was a part of plaintiff's fence that existed before defendant moved into defendant's home.

¶ 7    On December 8, 2022, plaintiff filed a motion for summary judgment. In her motion, plaintiff asserted that defendant constructed a wood fence extension in 2021 that encroached onto plaintiff's property. Plaintiff attached a new plat of survey which, according to plaintiff, also indicated that defendant's wood fence extension encroached onto plaintiff's property.

---

[1] Plaintiff's complaint included a third count for trespass, which she later voluntarily dismissed.

¶ 8    Defendant responded, *inter alia*, that she did not build a wood fence extension in 2021 but replaced a preexisting wire fence with a wood fence after her garage was burglarized. Defendant attached a plat of survey for her property which, according to her response, "aligns" with her deed. Defendant averred that both plats of survey submitted by plaintiff were inaccurate and that defendant's plat of survey "shows different." Defendant asserted that plaintiff "has not submitted her deed that will provide the accurate measurements of her property nor the original plat of survey." According to defendant, plaintiff's "original survey" forbade plaintiff from "mov[ing] anything that is located between the adjoining properties (tree fence) [*sic*]."

¶ 9    On July 17, 2023, plaintiff filed an affidavit signed by Leon Pass, the owner of the survey company that performed the second plat of survey for plaintiff's property. According to Pass, his survey indicated that a fence which "originate[d] on" defendant's property ended at a fence post located on plaintiff's property. A second fence which "originate[d] on" defendant's property also ended at a fence post located on plaintiff's property.

¶ 10    On October 5, 2023, the trial court granted plaintiff's motion for summary judgment on counts I and II of her complaint. In the order, the trial court wrote "[t]his is a final order. Case disposed."

¶ 11    On November 3, 2023, defendant filed a motion to vacate the trial court's grant of summary judgment.[2] Defendant argued that the plats of survey submitted by plaintiff did not have the "original upgrades [or] legal description" of plaintiff's property. On December 26, 2023, the trial court denied defendant's motion with prejudice.

_____

[2] In the record, the motion to vacate is also referred to as a motion to reconsider. We adopt the styling used in the motion.

¶ 12    On January 19, 2024, defendant filed a motion to vacate the trial court's grant of summary judgment and the court's denial of defendant's motion to vacate. Defendant concurrently filed a form titled "Notice of Court Date for Motion" and listed January 29, 2024, as the hearing date. The record on appeal does not contain an order from that hearing date.

¶ 13    On February 9, 2024, defendant filed a notice of appeal purporting to appeal from orders entered on November 22, 2023, December 22, 2023, and January 29, 2024. The record on appeal does not contain any orders entered on those dates. On February 28, 2024, defendant filed an amended notice of appeal identifying August 24, 2022, and December 22, 2023, as the dates of the judgments appealed from. The record does not contain orders from those dates. Defendant's amended notice of appeal also identified orders entered on December 14, 2022, January 19, 2023, and October 5, 2023, which are in the record on appeal.

¶ 14    On June 21, 2024, plaintiff, *pro se*, filed a motion in this court to dismiss defendant's appeal due to the untimely filing of defendant's notice of appeal. On July 9, 2024, this court entered an order taking plaintiff's motion with this appeal.

¶ 15    In her initial brief and reply brief on appeal, defendant argues that the trial court erred "in finding how the boundary line was to be measured." Defendant also contends that plaintiff made material misrepresentations to plaintiff's attorney and the trial court, presented false evidence, and withheld evidence.

¶ 16    As an initial matter, defendant's brief does not comply with several rules that govern appellate briefs. Her brief does not contain, *inter alia*, a "Points and Authorities" statement; an introductory paragraph; a statement of the issue presented for review, without detail or citation of authorities; a statement of jurisdiction; a statement of facts; an argument section with citations of

the authorities and the pages of the record relied on; or a short conclusion. See Ill. S. Ct. R. 341(h)(1), (2), (3), (4), (6), (7) (8) (eff. Oct. 1, 2020).

¶ 17  This court is entitled to briefs that are presented with clearly defined issues and coherent arguments. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. A litigant's *pro se* status does not relieve her of the obligation to comply with the supreme court's rules that govern appellate briefs. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. The rules of the supreme court are not suggestions but are compulsory. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. We have the authority to strike a brief and to dismiss an appeal due to a litigant's failure to comply with the rules. *In re Estate of DeMarzo*, 2015 IL App (1st) 141766, ¶ 16.

¶ 18  Notwithstanding, it is incumbent on this court to determine our jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. See *id*. Appellate jurisdiction is a question of law that we review *de novo*. *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 29.

¶ 19  Generally, a party must file a notice of appeal within 30 days after a final judgment, or within 30 days after an order on a timely posttrial motion that challenges the final judgment being appealed. Ill S. Ct. R. 303(a)(1) (eff. July 1, 2017). A successive postjudgment motion, whether directed at the final judgment or the denial of a postjudgment motion, does not toll the time for filing a notice of appeal. Ill. S. Ct. R. 274 (eff. July 1, 2019); Ill S. Ct. R. 303(a)(2) (eff. July 1, 2017). It is mandatory and jurisdictional to file a timely a notice of appeal. *Secure Insurance Co*., 232 Ill. 2d at 213. If an appellant fails to file a timely notice of appeal, we must dismiss the appeal. *Pro Sapiens, LLC v. Indeck Power Equipment Co.*, 2019 IL App (1st) 182019, ¶ 50.

¶ 20    Here, the trial court entered the "final order" granting summary judgment to plaintiff on October 5, 2023. Defendant filed a timely postjudgment motion on November 3, 2023, asking the trial court to reconsider its grant of summary judgment for plaintiff. Ill. S. Ct. R. 274 (eff. July 1, 2019) (postjudgment motion directed at final judgment must be filed within 30 days of judgment). On December 26, 2023, the trial court denied defendant's postjudgment motion. Thus, defendant was required to file her notice of appeal within 30 days of that order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 21    Defendant did not do so. Instead, she filed a second postjudgment motion, challenging the summary judgment order and the denial of her first postjudgment motion. "A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable." Ill. S. Ct. R. 274 (eff. July 1, 2019). Defendant's successive postjudgment motion did not toll the time in which she should have filed her notice of appeal. Ill S. Ct. R. 303(a)(2) (eff. July 1, 2017); *Parker v. Liberty Underwriters, Inc.*, 2022 IL App (1st) 200812, ¶ 25. Defendant untimely filed her notice of appeal on February 9, 2024, beyond the 30-day deadline. Accordingly, we grant plaintiff's motion to dismiss defendant's appeal for lack of jurisdiction.

¶ 22    Dismissed.