2025 IL App (1st) 231828-U

No. 1-23-1828

Order filed January 13, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ERIKA JACOBS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 050357 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss for lack of jurisdiction where plaintiff's notice of appeal was untimely filed.

¶ 2    Plaintiff Erika Jacobs appeals *pro se* from the circuit court's order dismissing her complaint against defendant the Illinois Department of Employment Security (Department) for lack of jurisdiction over her monetary claim. On appeal, she asks this court to strike the dismissal order

and remand the matter for transfer to the Illinois Court of Claims. We dismiss for lack of appellate jurisdiction, as Jacobs's notice of appeal was untimely filed.

¶ 3     On July 17, 2023, Jacobs filed a *pro se* civil action in the circuit court of Cook County against the Department alleging nonpayment of unemployment benefits in the amount of $3468. That same day, the circuit court dismissed the complaint with prejudice using a form order, on which it checked a box explaining Jacobs had requested relief against parties who cannot be sued in Illinois state courts.

¶ 4     On August 25, 2023—apparently without knowledge of the July 17, 2023, dismissal order—the Attorney General filed a motion to dismiss for lack of jurisdiction. It asserted that the circuit court lacked subject matter jurisdiction pursuant to the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2022)) and that the Illinois Court of Claims has exclusive jurisdiction to hear and determine monetary claims against the state. On August 30, 2023, Jacobs filed a motion requesting additional time to respond, and on September 8, 2023, she filed a motion objecting to dismissal and requesting a jury trial.[1] Then on October 10, 2023, she filed a notice of appeal in which she claimed she did not receive the circuit court's dismissal order until October 3, 2023. The Attorney General's office, on behalf of the Department, informed this court that it did not intend to file a brief.

¶ 5     This court has an independent duty to assess its jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 217 (2009). Jurisdiction is only established when a party files a timely notice of appeal. *State Farm Fire & Casualty Co. v. John J. Rickhoff*

---

[1] The record on appeal does not contain an order responding to plaintiff's or the Attorney General's motions.

*Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). Illinois Supreme Court Rule 301 provides that a final judgment in a civil case is appealable as of right and is initiated by filing a notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "No other step is jurisdictional." *Id.*

¶ 6    Illinois Supreme Court Rule 303 requires that the notice of appeal be filed with the clerk of the circuit court within 30 days of entry of a final judgment or, if a timely posttrial motion directed against the judgment is filed, within 30 days after entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). The appellate court has no jurisdiction over untimely filed appeals. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶¶ 14, 26. Timeliness is mandatory, as neither the circuit court nor the appellate court has authority to excuse compliance with Rule 303's filing requirements. See *Secura*, 232 Ill. 2d at 217-18.

¶ 7    The trial court dismissed Jacob's complaint with prejudice on July 17, 2023. A dismissal with prejudice is a final, appealable judgment. See *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17. As Jacobs did not file a postjudgment motion directed against the judgment, she had 30 days after July 17, 2023, to file her notice of appeal in the circuit court. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Jacobs untimely filed her notice of appeal in the circuit court on October 10, 2023—85 days after the July 17, 2023, order dismissing her complaint and 55 days after the time to file a notice of appeal expired. She did not file a motion in this court requesting leave to file a late notice of appeal. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017) (within 30 days after expiration of the time to file a notice of appeal, a reviewing court may grant leave to file late on a motion showing reasonable excuse for the failure to timely file).

¶ 8     Thus, where Jacob's notice of appeal was untimely filed, we have no jurisdiction and must dismiss the appeal. See *Secura*, 232 Ill. 2d at 217-18.

¶ 9     Dismissed.