2025 IL App (1st) 240446-U

No. 1-24-0446

Order filed June 2, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF JENNEL HOOPER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| and | ) | No. 15 D6 31048 |
| | ) | |
| RICHARD OLDS III, | ) | The Honorable |
| | ) | Bonita Coleman, |
| Respondent-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed for lack of jurisdiction because a postjudgment motion remains pending in the trial court.

¶ 2    Petitioner Jennel Hooper appeals *pro se* from an order of the trial court regarding allocation of parental responsibility for the minor children she shares with respondent Richard Olds III. On appeal, Hooper argues that the trial court failed to give her proper notice and an opportunity to be heard. We dismiss this appeal for lack of jurisdiction.

¶ 3     Hooper and Olds married on October 15, 2011. They share two minor children. On October 27, 2015, Hooper filed a petition for dissolution of marriage. The judgment for dissolution of marriage was entered on June 16, 2017.

¶ 4     On January 31, 2024, the trial court entered an order regarding allocation of parental responsibility with Olds and his counsel present, but with Hooper and her counsel not present. On February 28, 2024, Hooper's attorney filed an emergency motion to vacate the order and stay proceedings.

¶ 5     On March 1, 2024, Hooper filed a *pro se* notice of appeal.

¶ 6     On March 6, 2024, the court entered an order stating that the emergency motion did not pertain to an "emergency" and allowing Olds until March 28, 2024, to respond to Hooper's motion to vacate. Olds responded on April 1, 2024, arguing that there were opportunities for Hooper to raise concerns about the allocation of parental responsibility, and she was sent the relevant document on November 28, 2023.

¶ 7     On April 2, 2024, the court learned that Hooper filed the *pro se* notice appeal and stayed resolution of all parenting issues.

¶ 8     The record does not contain on order disposing of the emergency motion to vacate.

¶ 9     This court entered an order on its own motion, taking the appeal on the record and Hooper's *pro se* brief only where Olds failed to file a brief on appeal within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 10    On appeal, Hooper argues that the trial court erred in entering the order regarding allocation of parental responsibility because she lacked notice of the hearing and there was no agreement as to the allocation of parental responsibility.

¶ 11    At the outset, it is incumbent on this court to determine our jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. See *id.*

¶ 12    Illinois Supreme Court Rule 303 (eff. July 1, 2017) sets forth the general jurisdictional prerequisites for civil appeals. Rule 303(a)(2) states, in relevant part, "When a timely postjudgment motion has been filed by any party *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion *** is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 13    In this case, the trial court entered the allocation of parental responsibility order on January 31, 2024. See Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016) ("A custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act" is immediately appealable). On February 28, 2024, within 30 days of the judgment, Hooper's attorney timely filed an emergency motion to vacate and stay proceedings. See 735 ILCS 5/2-1203 (West 2022). On March 1, 2024, on the 30th day after judgment, Hooper timely filed a *pro se* notice of appeal. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A review of the common-law record, including the docket entries, fails to show that the trial court ruled on Hooper's timely filed postjudgment motion.

¶ 14    Accordingly, on this record, Hooper's notice of appeal is premature, and this court lacks jurisdiction on the appeal until an order disposing of the postjudgment motion is entered. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 15    For the reasons stated, we dismiss the appeal.

¶ 16    Appeal dismissed.