2026 IL App (1st) 242379-U

No. 1-24-2379

Order filed March 31, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL MENDEZ, KEVIN BADON, MATTHEW GORAL, and MILAN STOJKOVIC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 19 CH 9302 |
| THOMAS J. DART, in His Official Capacity as the Sheriff of Cook County, THE COOK COUNTY SHERIFF'S MERIT BOARD, and COOK COUNTY, | ) ) ) ) | Honorable Michael T. Mullen, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Plaintiffs' notice of appeal was not timely filed, and plaintiffs' appeal is dismissed for lack of jurisdiction.

¶ 2   This appeal arises out of a request for administrative review of four decisions rendered by the Cook County Sheriff's Merit Board (Merit Board) concerning plaintiffs Kevin Badon, Milan Stojkovic, Michael Mendez, and Matthew Goral. On September 16, 2016, defendant Thomas J.

Dart, the Sheriff of Cook County (Sheriff) filed disciplinary charges against all four plaintiffs and placed them on administrative leave without pay. Following a hearing, the Merit Board acquitted plaintiffs of all allegations and ordered them reinstated. Plaintiffs sought relief in the trial court through the Administrative Review Law (ARL), 735 ILCS 5/3-101 *et seq.* (West 2018), seeking back pay and back benefits. Following multiple remands by the trial court to the Merit Board to clarify its orders, the trial court affirmed the Merit Board's decisions and plaintiffs received their back pay and back benefits. Plaintiffs now contest on appeal that they did not receive the appropriate amount of back pay and back benefits, and that the trial court committed numerous errors.

¶ 3       For the following reasons, we dismiss plaintiffs' appeal for lack of appellate jurisdiction.[1]

¶ 4                                    I. BACKGROUND

¶ 5       On September 16, 2016, defendant Sheriff filed disciplinary actions against plaintiffs alleging time theft and that they did not report to work on December 25, 2014. Plaintiffs were suspended and placed on administrative leave without pay. The Sheriff filed amended charges against plaintiffs on January 23, 2018. Throughout 2018 and 2019, the Merit Board held evidentiary hearings on the charges against plaintiffs.

¶ 6       On July 10, 2019, the Merit Board issued its decisions for plaintiffs, concluding that none of them violated the Sheriff's rules and regulations. The orders for each plaintiff reinstated their employment effective September 16, 2016. The orders contained no language specifically

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

addressing back pay for the plaintiffs. Following the Merit Board's orders, the Sheriff reinstated plaintiffs.

¶ 7 Plaintiffs subsequently filed a complaint in the Circuit Court of Cook County seeking administrative review, as well as a writ of mandamus and declaratory and injunctive relief. Plaintiffs alleged that they were entitled to substantial back pay and back benefits that the Sheriff was refusing to provide. Following a dispute over whether the Merit Board's decisions required the Sheriff to provide plaintiffs with back pay and back benefits, the trial court remanded the matter to the Merit Board for clarification. At a subsequent hearing, the Merit Board stated that it had intended to award back pay and back benefits to plaintiffs and the parties thereafter submitted filings as to what they believed would be appropriate awards.

¶ 8 The Merit Board then issued a new decision ordering the Sheriff to provide back pay and back benefits to plaintiffs, which specified the amounts of back pay to which plaintiffs were entitled, less any mitigating income.

¶ 9 Plaintiffs once again challenged the Merit Board's back pay and mitigation calculations. The trial court remanded the matter to the Merit Board and ordered it to determine which sources of plaintiffs' mitigating income were compatible or incompatible with their employment with the Sheriff, and to provide explanations why that income was compatible or incompatible. Defendants also moved to dismiss multiple counts in plaintiffs' complaint, and the trial court ultimately dismissed the portions of plaintiffs' complaint seeking a writ of mandamus and injunctive and declaratory relief. Plaintiffs filed a motion seeking attorney's fees, citing what they described as defendants' frivolous conduct in refusing to provide back pay to plaintiffs.

¶ 10    On October 12, 2023, the Merit Board issued an order which revised its back pay award for plaintiff Goral. The Merit Board determined that it had improperly deducted $64,000 from his back pay because that money was derived from rental income, which was not incompatible with his employment. However, the Merit Board did not adjust the back pay awards for Mendez, Badon, or Stojkovic.

¶ 11    On May 24, 2024, the trial court entered a judgment which affirmed the decision of the Merit Board, denied plaintiffs' petition for attorney's fees, and instructed the parties to brief whether plaintiffs were entitled to interest. Soon thereafter on June 20, 2024, plaintiffs filed a motion to reconsider the trial court's May 24, 2024, order affirming the Merit Board's decision. The following day, plaintiffs also filed a motion to enforce the trial court's May 24, 2024, order.

¶ 12    On August 1, 2024, the trial court entered an order denying plaintiffs' motion to enforce the May 24, 2024, judgment without prejudice. It also denied plaintiffs' request for prejudgment interest, and entered and continued plaintiffs' motion to reconsider the May 24, 2024, order.

¶ 13    On August 5, 2024, plaintiffs filed a motion to reconsider the trial court's order denying their request for interest. Plaintiffs also filed a "supplement" to their motion to enforce the trial court's May 24, 2024, order.[2] The motion sought a court order instructing defendants to make the required back payments to plaintiffs and provide proof that the Sheriff had properly credited plaintiffs' pensions.

¶ 14    On September 10, 2024, the trial court denied plaintiffs' motion to reconsider the May 24, 2024, order and plaintiffs' motion to reconsider the denial of prejudgment interest.

---

[2]Plaintiffs labeled this filing as a supplement. However, given the trial court's denial, without prejudice, of plaintiffs' first motion to enforce the judgment, this filing is more properly viewed as a renewed or second motion to enforce the judgment.

¶ 15    On November 20, 2024, following a hearing, the trial court found that defendants had complied with all previous orders regarding plaintiffs' back pay and benefits and denied plaintiffs' motion to enforce the judgment. Plaintiffs filed their notice of appeal on December 2, 2024.

¶ 16                                      II. ANALYSIS

¶ 17    On appeal, plaintiffs raise multiple claims directed at (1) the trial court's order affirming the Merit Board's decisions; (2) the trial court's denial of attorney's fees; (3) the trial court's denial of prejudgment interest; and (4) the trial court's dismissal of counts seeking a writ of mandamus and injunctive and declaratory relief. However, plaintiffs' attempts to seek appellate review are stymied by a jurisdictional bar that cannot be overcome.

¶ 18    A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue. *Secura Ins. Co. v. Illinois Farmers Ins. Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. *Id.*

¶ 19    Generally, a party must file a notice of appeal within 30 days after a final judgment, or within 30 days after an order on a timely posttrial motion that challenges the final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A timely notice of appeal is mandatory and jurisdictional. *Secura Ins. Co.*, 232 Ill. 2d at 213. If a party fails to file a timely notice of appeal, we must dismiss the appeal. *Pro Sapiens, LLC v. Indeck Power Equipment Company*, 2019 IL App (1st) 182019, ¶ 50.

¶ 20    Generally, appellate jurisdiction exists only to review final orders. *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 30. An order is final if it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. *Id.* A party may make

only one postjudgment motion directed at a judgment order that is otherwise final and appealable. Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 21    Our review of the record indicates that the trial court's September 10, 2024, order was a final judgment. That order disposed of plaintiffs' two outstanding motions to reconsider and fixed the rights of the parties; it made final plaintiffs' entitlement to back pay and back benefits and the accompanying amounts, and it made final the conclusion that plaintiffs were not entitled to prejudgment interest. *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 30. After the trial court's September 10, 2024, order, there were no remaining controversies to be settled.

¶ 22    All that remained was plaintiffs' motion to enforce the judgment, which was not a motion directed against the judgment. "Not every motion that is filed after a court has entered judgment qualifies as a postjudgment motion under Rule 303(a)(1)." *Pro Sapiens*, 2019 IL App (1st) 182019, ¶ 53. A postjudgment motion extends the time for filing a notice of appeal under Rule 303(a)(1) only when it seeks rehearing, retrial, modification or vacation of the judgment, or other similar relief. *Id.*

¶ 23    Plaintiffs' motion to enforce the judgment did not attack or challenge the judgment in any way. It did not seek rehearing, retrial, modification, or vacation of the judgment, or any other similar relief. *Id.* It only sought a court order instructing defendants to make the previously ordered payments and credit plaintiffs' pensions. The trial court's denial of that motion on November 20, 2024, because defendants had already complied with all court orders, did not alter or fix any of the parties' rights.

¶ 24    Thus, given that the trial court's September 10, 2024, order was a final order, and plaintiffs' pending motion to enforce the judgment did not extend the time for filing a notice of appeal,

plaintiffs' notice of appeal was due within 30 days of the September 10, 2024, judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Plaintiffs' December 2, 2024, notice of appeal fell outside of that window.

¶ 25 Plaintiffs' untimely notice of appeal does not confer on us the jurisdiction to consider any of plaintiffs' claims before us. If there is any jurisdiction to be had here, it is only over the trial court's November 20, 2024, order because plaintiffs filed their notice of appeal within 30 days of that order. However, whether we have jurisdiction over the trial court's November 20, 2024, order is irrelevant because plaintiffs have not raised any issues regarding the trial court's denial of the motion to enforce the judgment.

¶ 26 Accordingly, we must dismiss plaintiffs' appeal for lack of jurisdiction.

¶ 27                                    III. CONCLUSION

¶ 28 For the foregoing reasons, we dismiss plaintiffs' appeal.

¶ 29 Appeal dismissed.